IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**BETTY J. SMITH**                                                                                          **PLAINTIFF**

V.                                          CASE NO. 4:10CV01534 JMM

**DOLGENCORP, LLC, d/b/a**
**DOLLAR GENERAL**                                                                              **DEFENDANT**

### ORDER

Pending are Defendant's motion to exclude the causation opinions of Plaintiff's treating physicians and motion for summary judgment, docket # 41, Defendant's motion to strike the Plaintiff's statement of facts, docket # 53 and Plaintiff's motion to exclude the testimony of Raymond Earl Peeples, M.D., docket # 44.

Defendant challenges the testimony of Plaintiff's treating physicians on the issue of whether Plaintiff developed Complex Regional Pain Syndrome ("CRPS") as a result of her fall. Defendant argues that the Court should exclude the testimony of Plaintiff's treating physicians because Plaintiff failed to properly disclose the causation opinions as required by the Federal Rules of Civil Procedure. If the Court grants Defendant's motion to exclude, Defendant argues that Plaintiff has no expert testimony that CRPS was proximately caused by the Defendant's negligence, therefore, it is entitled to summary judgment.

The Court denies the motion to exclude the testimony of Plaintiff's treating physicians. Although Plaintiff failed to strictly comply with Fed. R. Civ. P. 26, by providing a written report of her treating physicians' opinions regarding causation, Plaintiff did identify the physicians as experts and referred to her medical records which contained the facts learned and the opinions formed in the course of treatment. Defendant has been afforded the opportunity to depose each

witness. Further, Defendant will not be prejudiced by the testimony of these physicians as the Court allowed Defendant to obtain an independent medical examination by Dr. Earl Peeples and Dr. Peeples will be allowed to testify as to his findings and opinions at trial, *infra*.

Plaintiff challenges the testimony of Defendant's expert witness Dr. Peeples on the issue of CRPS pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Court finds Dr. Peeples qualified to render expert testimony on issue of CRPS and finds that his opinions are relevant and based on scientifically reliable methodology. Plaintiff may present her criticisms of Dr. Peeples' opinions and the basis for those opinions by way of cross examination.

Accordingly, Defendant's motion to exclude the causation opinions of Plaintiff's treating physicians and motion for summary judgment, docket # 41 is DENIED. Plaintiff's motion to exclude the testimony of Dr. Peeples, docket # 44 is DENIED. Defendant's motion to strike, docket # 53 is DENIED AS MOOT.

IT IS SO ORDERED this  20  day of December, 2011.

_____
James M. Moody
United States District Judge