IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**BETTY J. SMITH**                                                                       **PLAINTIFF**

V.                              CASE NO. 4:10CV01534 JMM

**DOLGENCORP, LLC, d/b/a**
**DOLLAR GENERAL**                                                          **DEFENDANTS**

### ORDER

Pending is Plaintiff's motion for a new trial. (Docket # 88). Defendant has filed a response. Plaintiff argues that she is entitled to a new trial for the following reasons: (1) the Court's supplemental instruction to the jury was erroneous and (2) the jury's verdict was against the great weight of the evidence.

A motion for new trial should be granted only if there is "a clear showing that the outcome is against the great weight of the evidence so as to constitute a miscarriage of justice." *Weitz Co. v. MH Washington*, 631 F.3d 510, 520 (8th Cir.2011). "The district court can only disturb a jury verdict to prevent a miscarriage of justice." *Beckman v. Mayo Found.*, 804 F.2d 435, 439 (8th Cir.1986) (*citing McGee v. S. Pemiscot Sch. Dist. R–V*, 712 F.2d 339, 344 (8th Cir.1983)). Erroneous jury instructions warrant a new trial only where the objecting party can show that it was materially prejudiced by the erroneous instruction. *See Fink v. Foley–Belsaw Co.*, 983 F.2d 111, 114 (8th Cir.1993). Further, "[t]he response to a jury request for supplemental instructions is a matter within the sound discretion of the district court. 'When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy.' " *Fink v. Foley-Belsaw Co.,* 983 F.2d 111, 114 (8th Cir. 1993) citations omitted.

Trial in this matter was held on January 9 - 12, 2012. The jury returned a verdict in favor of the Defendant. During jury deliberations, the Jury sent a note to the Court asking: "In reference to Instruction 16, does the knowledge of water on the floor prove negligence on the part of Dollar General, even if Ashley used "ordinary care" to keep it as dry possible?" Jury Instruction No. 16 instructed the Jury as follows:

> Betty J. Smith contends that she slipped and fell on water which was present on Dollar General's premises. Dollar General owed a duty to use ordinary care to maintain the premises in a reasonably safe condition. To establish a violation of this duty, Betty J. Smith must prove either that the presence of the water upon the floor was the result of negligence on the part of Dollar General or that Dollar General knew of the presence of the water upon the floor or that the water had been on the floor for such a length of time that Dollar General reasonably should have known of its presence and failed to use ordinary care to remove it.

Over Plaintiff's objection, the Court responded to the Jury's question as follows: "If you find that Dollar General knew of water on the floor but also find that Dollar General's employee used ordinary care to remove the water, there would be no violation of Dollar General's duty to Smith. For a definition of ordinary care refer to Instruction No. 11."

Plaintiff argues that the Court's response to the Jury question was a misstatement of the law, she argues that knowledge of the water on the floor by the Defendant would create liability on the part of the Defendant regardless of its exercise of ordinary care to remove the water. Plaintiff is in error. To establish a violation of the duty owed by a property owner to an invitee, "the plaintiff must prove either: (1) that the presence of a substance upon the floor was the result of the defendant's negligence, or (2) the substance had been on the floor for such a length of time that the defendant knew or reasonably should have known of its presence and failed to use ordinary care to remove it." *Wal-Mart Stores, Inc. v. Regions Bank Trust Dept*. 347 Ark. 826, 832, 69 S.W.3d 20, 23 - 24 (2002). "The mere fact that a person slips and falls does not give rise

to an inference of negligence. Further, the mere presence of a foreign substance on the floor which causes a slip and fall does not prove negligence." *Harvey v. Wal-Mart Stores, Inc*. 33 F.3d 969, 971 (8th Cir. 1994) (Under Arkansas law, the plaintiff must show either (1) the presence of a substance upon the premises was the result of the defendant's negligence, or (2) the substance had been on the floor for such a length of time that the [defendant] knew or reasonably should have known of its presence and failed to use ordinary care to remove it.) Citations omitted.  The Court finds that its response to the Jury question was both an accurate statement of the law and a clear response to the question of the jury.

Plaintiff also argues that the verdict is against the great weight of the evidence. The Court disagrees. Evidence was presented that the water on which Plaintiff slipped was either blown in or tracked in by patrons entering the store on a rainy day. Further, evidence was presented that the Defendant's employee was mopping the area frequently, as often as every 30 minutes. The Court finds that there was sufficient evidence to support the jury's verdict.

The Court finds that the Plaintiff is not entitled to a new trial. The jury was properly instructed and sufficient evidence was presented to support the jury's verdict. The Court cannot state that the verdict goes against the great weight of the evidence so as to result in a miscarriage of justice.

Accordingly, Plaintiff's motion for a new trial, docket # 88 is DENIED.

IT IS SO ORDERED this 26th day of March, 2012.

James M. Moody
United States District Judge